EDWARD RIGG et ux. et al.

*v.*

SAMUEL E. HANCOCK et ux.

A watercourse ran through complainant's land, then through defendant's land and was discharged upon another part of complainant's land below. A bill was filed to restrain the defendant from obstructing the watercourse on his land, and thereby diverting the stream, so that its volume was increased, and threatened to injure complainant's mill by backwater. The injunction was denied on the weight of testimony, which showed, however, that the defendant had obstructed the flow of the water at certain points outside of the place on defendant's land where complainant alleged the watercourse was located.—*Held,* that complainant was not, under the general prayer for relief, entitled to an injunction restraining defendant's obstruction of the flowage on his land outside of the place where it is alleged the watercourse is.

Bill for relief. Motion for an injunction. On order to show cause. On bill and affidavits on both sides.

*Mr. Frederick Voorhees,* for the motion.

*Mr. A. Flanders,* for defendants.

THE CHANCELLOR.

The bill alleges that the defendant, Samuel E. Hancock, has completely and permanently obstructed that part of an ancient watercourse which ran through his land, the upper part of it being on the complainants' land, so that the water which previously ran through and was discharged by it, now runs, part of it in a new channel, across another part of the defendants' land, and is discharged into the complainants' mill stream below their mill, to the threatened injury of the mill by increasing the volume of water and backing it on the wheel, and the rest of it is scattered over their meadow land. The bill prays a mandatory injunction to compel Hancock to undo his work. The very ex-

istence of the alleged watercourse on the defendants' land is denied by affidavits on their part, which appear to be entitled to weight. The injunction, therefore, must be denied. There is evidence, however, by those affidavits, that part of the water from the watercourse on the complainants' land was for many years, and up to the time of the obstruction complained of, discharged by spreading over the defendants' land in a different place from that in which the complainants say the watercourse was, and it is urged by the complainants' counsel that if the court refuses to grant the injunction prayed for, it should, under the prayer for general relief, grant one compelling Hancock to remove the obstruction to such flow over his land. It appears that he obstructed it. The bill, however, is not framed with a view to such relief. It is wholly based on the alleged injury to the watercourse on the defendants' land. The order to show cause will be discharged, with costs.